UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John M. Harty,<br><br>    Plaintiff,<br><br>vs.<br><br>Steve Smolos; Annette Smolos; Andrew Morenus;<br>John D. Kelly, OMH Center; Soldiers & Sailors Hosp.;<br>Dr. Alvin Abinsay, AT&T Bellsouth and Gene Mitchell;<br>Individually and in their Official Capacities,<br><br>    Defendants. | ) C/A No. 4:08-2038-RBH-TER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>) |

Plaintiff, proceeding *pro se*, filed this civil rights action and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Rule 73.02(B)(2) pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

1

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff indicates that he is a former resident of Penn Yan, New York, where Plaintiff

states he committed a sex offense. Plaintiff served time in a New York State prison until March of 2005, and was on parole supervision until June of 2007. While on parole, Plaintiff states he "sought mental health services from the Yates County John D. Kelly Behavioral Center."[1] Plaintiff was initially refused services, and attributes this fact to his being a sex offender. Plaintiff indicates he complained to the New York Office of Mental Health and was then assigned a "mental health provider" by the John D. Kelly Center. However, Plaintiff complains that the assigned therapist was unlicensed and further states that the therapist entered false mental health information into his file. *See* Complaint pages "5c" ,"5h", and "5i".

In reference to Defendant Soldiers & Sailors Hospital [2], Plaintiff states he was treated at the facility on April 14, 2007. Plaintiff states the Soldiers & Sailors Hospital Administration later "decided to allege" that Plaintiff entered the hospital to wander around and endanger people. Plaintiff indicates Defendant Soldiers & Sailors Hospital made such allegations to keep Plaintiff away from medical records and medical personnel. *See* Complaint page "5h".

Plaintiff names three private individuals, Steve Smolos, Annette, Smolos, and Andrew Morenus, as Defendants. Plaintiff states these Defendants are business associates who owned a building Plaintiff lived in "located at 11 Main Street", Penn Yan, New York. Plaintiff complains that Steve Smolos and Andrew Morenus employed Plaintiff at the 11 Main Street address, "while (ill)" and refused to pay him for the services. Plaintiff additionally states Mr. Smolos worked Plaintiff at a Myrtle Beach, South Carolina, property without compensation and often yelled at Plaintiff. Plaintiff also claims all three Defendants, refused to refund/return rent money allegedly

---

[1] Plaintiff has failed to allege facts sufficient for personal jurisdiction of this defendant.

[2] Plaintiff has failed to allege facts sufficient for personal jurisdiction of this defendant.

owed to the Plaintiff from July, 2007. Finally, Plaintiff alleges that Steve and Annette Smolos "planted a monitored computer" in Plaintiff's possession by offering it as a Christmas gift. Plaintiff states the computer allowed access to all Plaintiff's legal information and sent pornographic material into Plaintiff's home. *See* Complaint pages "5i", "5j", and "5k".

Defendant Gene Mitchell is listed in Plaintiff's complaint as a Penn Yan, New York Police Officer/Criminal Investigator. Plaintiff alleged that Defendant Mitchell sent a female to "victimize [Plaintiff], gather information from [Plaintiff's] home, and engage [Plaintiff] in sexual behavior." Plaintiff states Defendant Mitchell "constructed" this "event" in an attempt to arrest Plaintiff for rape. Plaintiff further states that Defendant Mitchell has "contacted South Carolina authorities and has presented unsupported false facts about me which activated South Carolina authorities for help to get me deemed a threat to our society." *See* Complaint pages "5d" and "5e".

Plaintiff indicates that the above Defendants have a "relationship" with Penn Yan, New York officials and that they are: "Placing me under constant survaillance [sic], talking to other's about me, telling all agencies, hospital's, bank personal, etc. that I pose a imminent threat, monitoring phone calls, ordering doctor to get 'blood work' from me through any means possible, deny me access to all medical records, hack into [Plaintiff's] computer." As a result of the Defendants actions, Plaintiff states he cannot trust doctors with his medical care, that he has a constant fear towards hospitals, and that he cannot enter a hospital without being stared at and/or sent to an isolation room. Plaintiff states the above named Defendants want "to get [Plaintiff] removed from society by any means possible." *See* Complaint pages "5e" and "5f".

Plaintiff also names AT&T Bellsouth, a private telephone company, as a Defendant in his complaint. While Defendant AT&T Bellsouth is not mentioned in the body of Plaintiff's complaint,

Plaintiff apparently feels this Defendant is wire-tapping his phone and asks, in the complaint's relief section, for this behavior to stop.

One Defendant, Dr. Alvin Abinsay, is listed in the complaint's caption, and on page four (4) of the complaint as "Dr. Alvin Abinsay, Main Street, Marion Medical Group, Marion, S.C.". However, Plaintiff provides no allegations against Defendant Abinsay in the body of the complaint, therefore, it is unclear how this Defendant is connected to Plaintiff's case.

Plaintiff seeks injunctive relief and monetary damages.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In the instant action, at least four of the named Defendants, Steve Smolos, Annette Smolos, Andrew Morenus, and AT&T Bellsouth are private actors, which are not amenable to suit under § 1983. Plaintiff clearly states that Steve Smolos, Annette Smolos, and Andrew Morenus are former landlords, who owe Plaintiff a rental refund. While Plaintiff appears to believe these Defendants, along with AT&T Bellsouth, are aiding Defendant Mitchell in an attempt to have Plaintiff removed from society, the complaint fails to allege that any of these four

Defendants are employed by a state or governmental entity. As Defendants Steve and Annette Smolos, Andrew Morenus, and AT&T Bellsouth did not act under "color of state law", they are entitled to summary dismissal from this action.

In regards to Defendant Dr. Alvin Abinsay, the complaint makes no factual allegations against this Defendant.[3] The complaint's general assertions of rights being violated are not sufficient to state a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

Defendants John D. Kelly OMH Center and Soldiers& Sailors Hospital are named as health care entities which allegedly provided some type of treatment to Plaintiff. While it is unknown whether either of these facilities is a state or governmental entity, the Defendants are entitled to

---

[3] It is possible that Defendant Abinsay is the "primary care doctor", mentioned on page "5g" of the complaint, who allegedly mislead Plaintiff in order to obtain a blood sample. However, there is no indication that the primary care doctor was a "state actor". Thus, even if Defendant Abinsay were the doctor who performed the blood test, he would be entitled to summary dismissal.

6

summary dismissal regardless of this fact. Defendant John D. Kelly OMH Center allegedly provided Plaintiff an unlicenced mental health provider, who entered false information in Plaintiff's medical file. Defendant Soldiers & Sailors Hospital provided Plaintiff with unspecified treatment on April 17, 2007, then made allegedly false statements regarding Plaintiff's reason for entering the hospital (to wander around and endanger people). Thus, Plaintiff appears to be alleging medical negligence/malpractice and/or defamation type claims against these two medical care facilities. However, negligence, medical malpractice, and defamation are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Estelle v. Gamble,* 429 U.S. 97, 106 n. 14 (1976)(doctors' negligence does not state a cognizable claim); *Aylor v. Town of Culpeper,* No. 96-1438, 1996 WL 671340, at *1 (4th Cir. 1996)(the United States Constitution does not afford a remedy for reputational injury alone) citing *Paul v. Davis,* 424 U.S. 693, 702 (1976). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).[4]

The final named Defendant, Gene Mitchell, is a New York Police Officer/Investigator. As a state actor, Defendant Mitchell would be amenable to suit under § 1983. However, Plaintiff's allegations against this Defendant fail to state a constitutional claim. Plaintiff claims Defendant

---

[4] A civil action for negligence and malpractice would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction over this case because, according to the information provided by Plaintiff, he and at least two of the Defendants are residents of South Carolina.

Mitchell unsuccessfully attempted to instigate a "sexual relapse" by Plaintiff in order to arrest Plaintiff on rape charges.  Plaintiff further states Defendant Mitchell provided South Carolina authorities with "unsupported false facts" in an effort to get Plaintiff "deemed a threat".  While it appears Plaintiff believes Defendant Mitchell is somehow using most, if not all, of the named Defendants to effect Plaintiffs removal from society, Plaintiff's conclusory statements regarding Defendant Mitchell fail to state a constitutional claim.  *See Adams v. Rice*, 40 F.3d 72 (4th Cir.1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).  In addition, as stated earlier, to the extent Plaintiff may be alleging that Defendant Mitchell made defamatory statements, such an action is not cognizable under § 1983.  Thus, Defendant Mitchell is also entitled to summary dismissal from the case.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III.<br>
United States Magistrate Judge

June <u>17</u> , 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).